ANASTASOPOULOS et al. v. STEGER &
SONS PIANO MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit.
December 1, 1926. Rehearing Denied
January 11, 1927.)

No. 3764.

1. Courts ⬡➾347—Amended bill, which was
rearranged copy of original bill, dismissed as
being vague and uncertain, held properly dis-
missed (equity rule 25).

Where original bill violated equity rule
25, as being vague, indefinite, uncertain, and
containing arguments and conclusions, amend-
ed bill, which was simply a copy, with
some rearrangement and additions, *held* proper-
ly dismissed.

2. Creditors' suit ⬡➾39(1)—Bill against sever-
al defendants, alleging insolvency of only one,
held not good as creditors' bill.

Bill against several defendants, all charged
with doing things alleged to give rise to cause
of action, and averring insolvency as to only
one, *held* not good as a creditors' bill.

3. Pleading ⬡➾18—Allegation that defendants
did not have honest intention and purpose to
do things charged in indefinite way cannot
be made basis of action for fraud.

Allegation that defendants did not have hon-
est intention and purpose to do certain things,
charged in roundabout and indefinite way as
having induced plaintiffs to part with money,
cannot be made the basis of an action for
fraud.

Appeal from the District Court of the
United States for the Eastern Division of the
Northern District of Illinois.

Suit by Stamatis Anastasopoulos and oth-
ers against the Steger & Sons Piano Manu-
facturing Company and others. Decree dis-
missing the bill, and plaintiffs appeal. Af-
firmed.

Joseph R. Roach, of Chicago, Ill., for ap-
pellants.

Benson Landon, of Chicago, Ill., for ap-
pellees.

Before EVANS, PAGE, and ANDER-
SON, Circuit Judges.

ANDERSON, Circuit Judge. Appellants
complain of the dismissal of their second
amended bill. The original bill contained 39
paragraphs, is set out in the printed record,
and occupies 25 pages thereof. A motion to
dismiss it was filed upon the ground, among
others, that "said bill is vague, indefinite, and
uncertain, and contains many arguments and
many conclusions, and does not allege facts,
by reason of which said bill violates clause 3
of equity rule No. 25."

The court sustained this motion to dismiss,
holding that the bill did not comply with equi-
ty rule No. 25, and in its memorandum said:
"Defendants are not required to answer bills
which are diffuse and filled with epithets and
statements of legal conclusions. The bill
must contain a short simple statement of the
ultimate facts. This bill does not contain
such statement, and it must be radically re-
framed before defendants can be required to
answer it. * * * The motions to dismiss
are sustained, with leave to amend within 30
days." Just before the 30 days expired, ap-
pellants filed an amended bill. This contain-
ed 41 paragraphs, is set out in the printed
record, and occupies 32 pages thereof. The
defendants moved to dismiss this for failure
to comply with rule 25, and for the reason
that the amended bill is "confused, indefinite,
uncertain, profuse, prolix, abounds in argu-
ments and conclusions, and is replete with
recitative and argumentative phraseology in-
stead of allegations of fact," etc.

The motions to dismiss the amended bill
were sustained, "with leave to reframe same
within 30 days to comply with equity rules."
Shortly before this time expired, appellants
filed their second amended bill. This contains
42 paragraphs, and occupies 35 pages of the
printed record. Defendants moved to dis-
miss for the same reasons addressed to the
original bill and the first amended bill. The
court sustained the motions, "and, the plain-
tiffs in open court having elected to stand by
their second amended complaint," it was dis-
missed for want of equity.

[1] We cannot undertake to make a synopsis
of any one of these bills. Appellants in their
brief, in an attempt to set forth what they
call the substance of the second amended bill,
take 37 closely printed pages to do it. The
original bill did not comply with equity rule
25, was prolix, indefinite, uncertain, filled
with repetitions, redundancies, and conclu-
sions, and the court properly directed it to
be "radically reframed." The first amended
bill, with some rearrangement of its aver-
ments and paragraphs, is a copy of the orig-
inal bill, with additions to it, and the second
amended bill is a like copy of the first amend-
ed bill, with still further additions to it. The
first amended bill did not comply with the
rule or with the order of the court, nor does
the second bill do any better in this regard.
Each amended bill offends against the rule
and the order of the court more than its pred-
ecessor. The propriety of dismissing the
second amended bill under the circumstances
is not open to question.

But it is insisted that the bill should not
have been dismissed, if any material part of
it is good; that is to say, in this case, the

court should have hunted through the mass of repetitions, redundancies and conclusions in the bill, in an effort to dig out of it a stated cause of action.

[2] Appellants in urging this suggest two theories for upholding the bill: That it is good as a creditor's bill; and that it is sufficient to charge defendants as trustees ex maleficio. Conceding the general rule in creditors' bills, as to judgment, execution, and return nulla bona, they maintain that the case falls within one of the recognized exceptions; that is, where a judgment and execution would be of no avail because of the insolvency of the defendants. The defendants are all charged with doing the things that are supposed to give rise to a cause of action, and there is no averment as to the insolvency of any but one. So far as the averments in the bill go, all the other defendants are solvent, and a judgment at law would furnish a complete remedy. The bill is not good as a creditors' bill.

[3] Nor is it sufficient to hold defendants as trustees ex maleficio. The basis of this action is fraud. The bill, to be good on this theory, must, among other things, charge that representations were made as to material facts and that such representations were false. Many representations of fact are charged, but only one of them is alleged to be false; that is, that the defendants did not "have an honest intention and purpose" to do certain things which are charged in a roundabout and indefinite way as having been inducements to plaintiffs to part with their money. Such a statement of an intention, even though false, cannot be made the basis of an action for fraud.

The bill is insufficient upon either theory urged, and the decree is affirmed.